IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| VPR OPERATING, LLC, *et al.*, Debtors, | § § § § | CASE NO. 13-10599 CHAPTER 11 *(Jointly Administered)* |
| OFFICIAL CREDITORS' COMMITTEE, Plaintiff, | § § § § § | |
| v. | § § | ADVERSARY NO. 13-01106 |
| VICTORY PARK CREDIT OPPORTUNITIES, LP; VICTORY PARK CREDIT OPPORTUNITIES MASTER FUND I, LLC; VICTORY PARK CREDIT OPPORTUNITIES FUND, LP; and VICTORY PARK MANAGEMENT, LLC; Defendants. | § § § § § § § § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE TONY DAVIS:

Victory Park Credit Opportunities, LP, Victory Park Credit Opportunities Master Fund, Ltd., Victory Park Credit Opportunities Intermediate Fund, LP, and Victory Park Management, LLC (collectively "Defendants")[1] file this Motion to Dismiss Plaintiff's Original Complaint, as follows:

---

[1] The Committee has incorrectly named "Victory Park Credit Opportunities Master Fund I, LLC" (whose correct name is "Victory Park Credit Opportunities Master Fund, Ltd.") and "Victory Park Credit Opportunities Fund, LP" (whose correct name is "Victory Park Credit Opportunities Intermediate Fund, LP").

1

00258027.000.DOCX

**Introduction**

1.     The Official Creditors' Committee ("Committee") has filed a Complaint seeking to recharacterize and/or subordinate the debt owed to certain of the Defendants by the Debtors in this jointly administered case.[2]  As set forth below, the claims asserted by the Committee should be dismissed because:

- The Committee fails to state a claim upon which relief may be granted under Rule 12(b)(6);

- Certain of the matters should be dismissed or stricken pursuant to Rule 12(f) because they are immaterial, inflammatory, and do not relate to the claims actually plead by the Committee; and

- Victory Park Credit Opportunities Master Fund, Ltd. and Victory Park Management, LLC do not hold debt from the Debtors.

**The Complaint Should Be Dismissed Pursuant to Rule 12(b)(6)**

*Standards*

2.     Defendants recognize that Rule 8 of the Federal Rules of Civil Procedure, made applicable hereto by Bankruptcy Rule 7008, generally requires a plaintiff to submit a short, plain statement of its entitlement to recovery.  Rule 12(b)(6), however, allows dismissal where a plaintiff fails to state a claim upon which relief can be granted.  The Supreme Court has made it clear that in order to meet the requirements of Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 44, 555, 127 S.Ct. 1955 (2009).  A claim is "plausible" if the "plaintiff pleads factual

---

[2] As set forth in the Proofs of Claim filed in these cases, the only Defendants that hold indebtedness owed by the Debtors are Victory Park Credit Opportunities, LP and Victory Park Credit Opportunities Intermediate Fund, LP.

2

00258027.000.DOCX

content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and requires the plaintiff to demonstrate more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In particular, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

*Equitable Subordination*

3. The Committee correctly notes that in order to establish equitable subordination, a claimant must show (1) that the defendants engaged in inequitable conduct; (2) the misconduct resulted in an injury to the creditors or provided the defendant with an unfair advantage; and (3) equitable subordination would not be inconsistent with the provisions of the Bankruptcy Code. *Wooley v. Faulkner (In re SI Restructuring, Inc.)*, 532 F.3d 355, 360 (5th Cir. 2008). If any of the elements is not shown, equitable subordination cannot occur. *Id*. "Inequitable conduct" exists in three categories of cases: (1) "those in which a fiduciary of the debtor misuses his position to the disadvantage of other creditors"; (2) "those in which a third party, in effect, controls the debtor to the disadvantage of others"; and (3) "those in which a third-party defrauds other creditors." *CTS Truss, Inc. v. F,* 868 F.2d 146, 148–49 (5th Cir.1989). Insider status and undercapitalization alone are not enough to state a claim for equitable subordination. *Gernsbacher v. Campbell (In re Equipment Equity Holdings, Inc.),* 491 B.R. 792, 842 (Bankr. N.D. Tex. 2013). Instead, in order to equitably subordinate an insider claim, the insider must actually misuse its power to control the debtor to its own advantage or to the other creditors' detriment. *Id*.

4. The Committee lists various factors that can be considered by the Court in determining whether to equitably subordinate a claim. *See* Complaint, ¶56. The Committee then

3

alleges that "as the facts set forth above demonstrate, rather than comply with its fiduciary duties as an insider of the Debtors, the VPC [sic] engaged in inequitable conduct that has resulted in injuries to creditors or conferred an unfair advantage on or to Defendants." In other words, the Committee has done precisely what the Supreme Court said was impermissible in *Twombly and Iqbal*, i.e., the Committee has engaged in pleading elements of the cause of action without pleading facts sufficient to create a plausible claim in this proceeding.

5. The Complaint falls short in at least two ways. First, the Committee fails to identify the inequitable conduct, or state an inequitable conduct, required by *CTS Truss*. Other than asserting that unspecified conduct was "inequitable," there are no facts or minimal allegations that Defendants acted as a fiduciary and misused this position to the detriment of other creditors, or how Defendants controlled the Debtors to the disadvantage of others. In particular, the facts that are plead, primarily on pages 22-23 (many of which are conclusions) state at most claims for negligence, not inequitable conduct. Moreover, the allegations relating to actions of Messrs. Pullen and Hoffman (either before or after they were officers or directors of the Debtors) are irrelevant to establishing a basis for equitable subordination because only the actions of the entities holding the claim against the Debtors can be considered. *Equipment Equity*, 491 B.R. at 843 n. 144; *see also Nat'l Emergency Servs. v. Williams,* 371 B.R. 166, 169–70 (W.D.Va. 2007) (granting motion to dismiss where, in part, plaintiff failed to plead sufficient facts to demonstrate that claimant himself engaged in inequitable conduct).

6. Second, assuming, arguendo, that the Committee could plead any facts sufficient to show inequitable conduct, the Committee fails to plead facts concerning how any such conduct injured creditors or provided an unfair advantage to Defendants. Instead, the Committee again simply concludes that "the [unspecified] inequitable conduct has resulted in harm"… and

4

00258027.000.DOCX

that creditors were not paid because of "the actions of VPC in undercapitalizing VPR and through the [unspecified] conduct described above." Complaint, ¶59. Equitable subordination is intended to be remedial, not punitive, in nature, and a claim should be subordinated only to the extent necessary to offset harm suffered as a result of inequitable conduct. *See SI Restructuring*, 532 F.3d at 361. As such, the Committee must, therefore, plead sufficient facts to demonstrate how specific purported improprieties caused the alleged injury. *Benjamin v. Diamond (In re Mobile Steel Co.),* 563 F.2d 692, 706 (5th Cir. 1977). Once again, not only has the Committee failed to provide fair notice of the alleged wrongful conduct that ties to these conclusions, it has done nothing more than make a formulaic recitation of the elements of the claim. The Committee has failed to identify the specific harm caused by the unspecified inequitable conduct, instead relying upon assertions of harm (along with a variety of allegations that have nothing to do with the claim – as set forth below) with no facts plead as to the extent of the harm directly relating to the conduct.

7. The Committee has failed to identify the specific inequitable conduct that meets the requirements of the 5th Circuit mandates, fails to identify the harm and fails to identify the extent of the harm. These failures are fatal to the Committee's claims, and the cause of action for equitable subordination should be dismissed.

*Recharacterization*

8. The Committee's contentions for Count 1 (recharacterization) are no different. The Committee suggests that either Illinois or Delaware law may apply; however, because (as the Committee admits) the loan documents at issue are governed by Illinois law, Illinois law will apply. *Equipment Equity*, 491 B.R. at 852-53. The factors considered by Illinois courts include: (1) the names given to the instruments, if any, evidencing the indebtedness; (2) the presence or

5

00258027.000.DOCX

absence of a fixed maturity date and schedule of payments; (3) the presence or absence of a fixed rate of interest and interest payments; (4) the source of repayments; (5) the adequacy or inadequacy of capitalization; (6) the identity of interest between the creditor and the stockholder; (7) the security, if any, for the advances; (8) the corporation's ability to obtain financing from outside lending institutions; (9) the extent to which the advances were subordinated to the claims of outside creditors; (10) the extent to which the advances were used to acquire capital assets; (11) the presence or absence of a sinking fund to provide repayments; (12) the ratio of shareholder loans to capital; and (13) the amount or degree of shareholder control. *See Moglia v. Quantum Indus. Partners, LDC (In re Outboard Marine Corp.)*, 2003 WL 2167357, *5 (N.D. Ill. July 22, 2003). No one factor is determinative. *Id*.

9. Again, the Committee lists the factors that some courts consider when determining whether a claim should be considered debt or equity in memorandum form in paragraph 53, but wholly fails to plead any specific facts as to how those factors apply to this case. In particular, the Committee fails to address any of the elements listed above other than (6) and (13), and those only in passing, and alleges no facts relating to the other factors. Although the Court can infer that the failure to mention these factors suggests that they weigh against the Committee's claim, there are certainly no facts asserted to support the claim along these lines. Once again, the Committee simply concludes that "Based on the facts set forth above and considering the factors utilized by courts, the VPC transaction that the Defendants label a "secured loan", was in fact an infusion of capital into a vastly undercapitalized company in exchange for equity interests." Complaint, ¶54. Other than listing factors, the Complaint wholly fails to specify how the facts of this case meet those factors. Again, the Committee has not only

00258027.000.DOCX

failed to provide fair notice, it has failed to state a "plausible" claim for relief. As such, the recharacterization claim should be dismissed.

**Paragraphs 26 - 32 Should Be Stricken Pursuant to Rule 12(f)**

10. In its Complaint, the Committee spends 7 pages discussing the activities of former officers and directors of the Debtors, Kelly Hoffman and Robert Pullen. The specific allegations relate to adversary proceedings brought in connection with a separate bankruptcy case, in which the actions of Mr. Hoffman and Mr. Pullen were at issue. Importantly, none of those activities relate in any way to the Debtors, the Defendants, or the conduct of Mr. Pullen or Mr. Hoffman in acting as officers or directors of the Debtors. The specific actions, as discussed in the Complaint, occurred between 2000 and 2002; in contrast, the first funding for any of the Debtors occurred in August 2008. Complaint, ¶¶22, 24. Moreover, even if the actions of these individuals at least six years prior to the initial funding here were even marginally relevant, the Committee disingenuously fails to disclose to the Court that the findings that were made against Mr. Hoffman and Mr. Pullen were made as a result of an entry of a default judgment entered on November 25, 2008. See Judgment, Ex. "A." As is apparent from the docket in that case, neither Mr. Pullen nor Mr. Hoffman was represented by counsel at the time of the Judgment. Not only did Mr. Hoffman later resolve those claims (as noted by the Committee in ¶32), but Mr. Hoffman actually succeeded in first having the findings set aside in full on June 5, 2009, and only later settled the lawsuit.[3] See Order Granting Amended Motion for New Trial, Ex. "B."

11. The Committee's purpose in putting these irrelevant claims in this pleading are transparent – they have attempted to "slime" the Defendants through association. Rule 12(f) of the Federal Rules of Civil Procedure allows a Court to strike from a pleading "in an insufficient

---

[3] In considering a motion to dismiss, this Court may consider matters that are contained in the public record. *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995).

defense or any redundant, immaterial, impertinent or scandalous matter." Where a matter bears "no possible relation to the controversy", the Court may strike a pleading that is immaterial, impertinent or scandalous. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). The actions of Mr. Pullen and Mr. Hoffman with respect to a separate company that has nothing to do with the Debtors cannot possibly (and does not) relate to the subject matter of this lawsuit. As discussed above, the actions of Messrs. Hoffman and Pullen cannot form the basis for subordination of Defendants' claims. *EquipmenEquity*, 491 B.R. at 843 n. 144. It appears that these allegations have been made for nothing more than "shock value." *See Global View Ltd. Venture Capital v. Great Central Basin Exploration, Inc.*, 288 F.Supp.2d 473, 481 (striking allegations that defendants were "unscrupulous" and "con artists" as not having any potential relationship to the claims). As such, Defendants urge that the Court strike or dismiss the allegations contained in paragraphs 26 - 32 (and any other paragraphs that rely upon those allegations) pursuant to Rule 12(f).

**Certain Defendants Should Be Dismissed Because They Do Not Hold Debt**

12. This lawsuit seeks to subordinate debt, recharacterize debt, and disallow claims. Only Victory Park Credit Opportunities, LP and Victory Park Credit Opportunities Intermediate Fund, LP currently hold debt against the Debtors and have filed proofs of claim. Victory Park Management, LLC is the administrative and collateral agent for the lenders, and does not hold any debt in such capacity. Victory Park Credit Opportunities Master Fund, Ltd. was a previous holder of debt but assigned its debt to Victory Park Credit Opportunities, LP and Victory Park Credit Opportunities Intermediate Fund, LP in July 2012. Accordingly, Victory Park Management, LLC and Victory Park Credit Opportunities Master Fund, Ltd. (or "Victory Park Credit Opportunities Master Fund I, LLC" as the Committee incorrectly names) should be

dismissed, because they cannot be liable for the claims and causes of action plead and no relief sought by the Committee in its Complaint can be granted against them.

WHEREFORE, Defendants request that this Court grant this Motion and such other and further relief to which the Defendants may show themselves justly entitled.

        Respectfully submitted,

        HOHMANN, TAUBE & SUMMERS, L.L.P.
        100 Congress Avenue, 18th Floor
        Austin, Texas 78701
        Telephone: 512/472-5997
        Telecopier: 512/472-5248

By: */s/ Mark C. Taylor*
    Eric J. Taube
    State Bar No. 19679350
    Mark C. Taylor
    State Bar No. 19713225

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on the parties receiving the Court's ECF e-mail notification on August 21, 2013, and to counsel listed below:

Kell C. Mercer
Husch Blackwell, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701

        */s/ Mark C. Taylor*
        Mark C. Taylor

9

00258027.000.DOCX